STATE DEPARTMENT OF MENTAL
RETARDATION AND DEVELOPMENTAL
DISABILITIES, OFFICE OF SUPPORT, *v.*
MOORE.

(No. 84 CV 26785—Decided
January 29, 1985.)

Hamilton County Municipal Court.

*Anthony J. Celebrezze, Jr.,* attorney

general, and *Shirley A. Cochran,* for
plaintiff.

*Strauss, Troy & Ruehlmann Co.,
L.P.A.,* and *Charles G. Atkins,* for
defendant.

BECKWITH, J. The historic
background of the issue at hand might
be helpful in achieving the appropriate
perspective. This case deals with a very
ancient concept with a slightly new
societal twist. The issue is the degree of
responsibility of a parent for a minor
child. In this case it is a minor child who
has been committed to the care of the
Department of Mental Retardation and
Developmental Disabilities.

The common law and society in
general recognize a parent's moral
obligation to provide protection and sup-
port for his children. (See, generally, 41
Ohio Jurisprudence 2d [1960], 343-344,
Parent and Child, Section 32, fn. 13.)
Public policy requires that a parent
fulfill this duty, and a father may be held
liable for the support of a minor child
while such child is an inmate of a
benevolent institution under the control
of the Department of Mental Retarda-
tion and Developmental Disabilities
under R.C. 5121.06.

The question presented by the
defendant's motion to set aside the
plaintiff's summary judgment in this
matter appears to be one of first impres-
sion. Essentially, defendant contends
that the state is obliged to accept the
figures of his federal income tax return
as dispositive of whether he was able to
contribute toward the support of his
minor son, Timothy, a resident in a
group home under the jurisdiction of the
Department of Mental Retardation and
Developmental Disabilities.[1]

---

[1] Plaintiff's complaint suggests that a contract was entered into between the parties, although no copy of such a document is attached to the complaint nor to any other pleading herein. If this is so, and had it been produced, perhaps the court's decision herein would have been simpler. (Subsequent to the writing of this opinion counsel clarified this contract reference by explaining that the contract mentioned existed between the Depart-

Defendant's memorandum in support of his motion uses the term "net income."[2]

Nowhere in the applicable statutes does that term appear. R.C. 5121.04 (B)(2) sets forth the guideline that the assessment shall be determined in accordance with his income and number of dependents. R.C. 5121.04(B)(3)[3] provides for certain specific adjustments to income giving rise to the phrase "adjusted gross annual income" as it is used in the chart in footnote a of R.C. 5121.04(B)(2). R.C. 5121.04(B)(3) makes no mention of business losses as acceptable or applicable adjustments. By the construction of that section it is clear that the deductions or adjustments enumerated therein are intended to be conclusive. Additionally footnote b of R.C. 5121.04(B)(2) provides for the use of the federal income tax return (Form 1040) as proof of "gross annual income." It does not say or suggest that it is to be used to determine adjusted gross annual income.

Adjusted gross annual income may be federal adjusted gross income or some other adjusted gross income for different purposes.

Defendant cites no authority for his proposition that the state is obliged to interpret the term "adjusted gross annual income" as meaning the same as "federal adjusted gross income." The proposition requires the court to draw an inference not supported by the facts, logic or the rules of statutory construction. One need only briefly peruse the federal versus the state income tax forms to recognize that the state is in no way bound to adopt the federal deductions, adjustments or methodology.

If the state's method of calculating "adjusted gross annual income" is reasonable and applied even-handedly there can be no complaint from one who has received the beneficient help of the state in caring for his minor child—a responsibility which fell solely on the shoulders of the unfortunate parent in less humane times.[4]

Here the state has drawn what appear to be reasonable guidelines for the determination of the basis for the assessment of defendant's liability for support of his minor son. There is no contention that the guidelines are applied unequally. The figures involved are not contested—only the legal significance of them. The question, therefore, appears to be ripe for summary judgment.

The court specifically finds that there is nothing to be gained by setting aside the previously entered summary judgment herein. Defendant has failed to show any factual dispute. The motion to set aside the summary judgment already entered is hereby overruled.

*Motion to set aside summary judgment overruled.*

---

ment of Mental Retardation and Developmental Disabilities, Office of Support, and the *group home,* not the defendant.)

[2] This memorandum reads in part: "The gravamen of the matter is with respect to the proper construction by the State of Ohio in determining whether or not and the extent to which the defendant may have net income against which the State may make an assessment in order to determine liability for support."

[3] "A patient or liable relative having medical, funeral, or related expenses in excess of four percent of the adjusted gross annual income, which expenses were not covered by insurance, may adjust such gross annual income by reducing the adjusted gross annual income by the full amount of such expenses. Proof of such expenses satisfactory to the department must be furnished." R.C. 5121.04(B)(3).

[4] *Bureau of Support* v. *Kreitzer* (1968), 16 Ohio St. 2d 147 [45 O.O.2d 480].